IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.   Criminal No. **3:06CR61**

**TYRONE A. HARRIS,**

Petitioner.

## MEMORANDUM OPINION

Tyrone A. Harris, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 21). On January 19, 2019, former President Barack Obama issued an Executive Grant of Clemency to Harris, reducing his sentence so that it is completed on January 19, 2019. (ECF No. 27, at 1–2.) For the reasons that follow, the § 2255 Motion (ECF No. 21) will be DISMISSED AS MOOT.

### I. Procedural History

On May 2, 2006, Harris pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base. (Plea Agreement 1, ECF No. 10.) Harris qualified for an enhanced sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("USSG"). (Presentence Investigation Report ("PSR") ¶ 41, ECF No. 23–1.)[1] On August 15, 2006, the Court sentenced Harris to 262 months of imprisonment. (J. 2, ECF No. 16.)

On January 19, 2019, former President Barack Obama issued an Executive Grant of Clemency to Harris, reducing his sentence so that it is completed on January 19, 2019. (ECF

---

[1] For this enhancement, "[t]he predicate sentences were incurred on September 17, 1997 for Distribute Cocaine, and on January 29, 2002, for Possess With the Intent to Distribute Cocaine and Possess With the Intent to Distribute More than ½ Ounce but not more than Five Pounds of Marijuana convictions." (PSR ¶ 41.)

No. 27, at 1–2.) By Order entered on February 22, 2017, the Court, *inter alia*, directed the Government to submit further briefing with respect to the Executive Grant of Clemency and appointed the Federal Public Defender to represent Harris with respect to the § 2255 Motion.

On March 6, 2017, the Government filed its response to the February 22, 2017 Order. (ECF No. 29.) The Government correctly notes that the Executive Grant of Clemency rendered Harris's § 2255 Motion moot.[2] *See United States v. Scates*, No. 3:98CR87, 2018 WL 3244079, at *2 (E.D. Va. July 3, 2018) (dismissing as moot petitioner's § 2255 in the wake of grant of clemency).

## II. Analysis

In *United States v. Surratt*, 855 F.3d 218 (4th Cir.), *cert. denied*, 138 S. Ct. 554 (2017), the Fourth Circuit, sitting *en banc*, "held that the President's commutation of a federal prisoner's mandatory life sentence to a term of 200 months' imprisonment rendered moot his appeal in an action challenging his original mandatory life sentence." *Blount v. Clarke*, 890 F.3d 456, 459 (4th Cir. 2018) (citing *Surratt*, 855 F.3d at 219). "The majority . . . conclude[d] that [it] could not disturb Surratt's presidentially commuted sentence based on his claim that he was improperly subjected to a mandatory minimum life sentence at his original sentencing hearing." *Id.* at 462 (citing *Surratt*, 855 F.3d at 219).

> Judge Wilkinson explained the logic behind this conclusion:
>
> [Surratt] is . . . no longer serving a judicially imposed sentence, but a presidentially commuted one. The President's commutation order simply closes the judicial door. Absent some constitutional infirmity in the commutation order, which is not present here, we may not readjust or rescind what the President, in the exercise of his pardon power, has done.
>
> It matters not whether we believe the commutation was too lenient or not lenient enough. We are simply without power to inject ourselves into the lawful act of a coordinate branch of government—one that Surratt willingly agreed to—

---

[2] By Order entered June 20, 2017, the Court granted the Federal Public Defender's Motion to Withdraw. (ECF No. 31.)

2

and supersede a presidential pardon or commutation with a contravening order of our own. After all, "[i]t would be a curious logic to allow a convicted person who petitions for mercy to retain the full benefit of a lesser punishment with conditions, yet escape burdens readily assumed in accepting the commutation which he sought." *Schick v. Reed*, 419 U.S. 256, 267, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974). Surratt "cannot complain if the law executes the choice he has made," *id.* at 265, 95 S.Ct. 379 (quoting *Ex parte Wells*, 59 U.S. 18 How. 307, 315, 15 L.Ed. 421 (1855)), even if my dissenting colleague thinks he made a "bad bargain" by accepting the commuted sentence, *id.* at 259, 95 S.Ct. 379.

*Surratt*, 855 F.3d at 219–20 (second alteration in original) (Wilkinson, J., concurring); *see Blount*, 890 F.3d at 462 (adopting Judge Wilkinson's explanation of the decision in *Surratt*).

Harris, like Surratt, is "no longer serving a judicially imposed sentence, but a presidentially commuted one. The President's commutation order simply closes the judicial door." *Surratt*, 855 F.3d at 219 (Wilkinson, J., concurring). Accordingly, Harris § 2255 Motion (ECF No. 21) will be DENIED AS MOOT.

The action will be DISMISSED. A certificate of appealabilty will be DENIED.[3]

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: NOV - 5 2018
Richmond, Virginia

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Harris has not satisfied this standard.

3